IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Samuel Shorter, III, # 341294, ) | |
| ) | Civil Action No. 6:14-1843-TMC-KFM |
| Plaintiff, ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| Officer Russell, *C/O*, and ) Michelle Ussery, *Medical*, ) | |
| Defendants. ) | |

       The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## HISTORY OF THIS CASE

       The plaintiff is an inmate at the Kershaw Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC"). At the time relevant to this case, the defendants Officer Russell and Nurse Michelle Ussery worked at KCI.

       In his complaint, the plaintiff alleges that on August 29, 2013, he was tied to his bed and beaten and raped, presumably by his cellmate (doc. 1 at 3). He alleges that Officer Russell was on duty but asleep and failed to respond to his screams for help (*id*.). The plaintiff alleges that the next day the medical unit denied him a hospital visit and did not conduct a "proper rape analysis" (*id*.). Later, the plaintiff discovered blood in his stool and learned that he had contracted hepatitis C (*id*.). He claims that his

constitutional rights were violated by Officer Russell's failure to conduct a security check at the time of the alleged incident, and by the medical unit's refusal to send him to the hospital for proper treatment.

The defendants filed an answer (doc. 25) on June 20, 2014, and a motion to dismiss (doc. 30) on July 2, 2014. The undersigned issued a *Roseboro* order (doc. 31) to apprise the plaintiff of the dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

In their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendants contend that the complaint fails to set forth allegations sufficient to constitute any cause of action against either of them. Specifically, they argue that the plaintiff's allegations do not show deliberate indifference on the part of Officer Russell because the plaintiff has not shown that he was incarcerated under conditions posing a substantial risk of serious harm, nor that Officer Russell was aware of any such conditions. They further argue that Officer Russell's alleged failure to follow procedure does not constitute a constitutional violation. As for Nurse Ussery, the defendants point out that the complaint contains no allegations pertaining to her, and that she cannot be held liable for the actions of other persons under the doctrine of *respondeat superior*. The defendants also argue that medical neglect is not actionable under Section 1983 and that they are therefore entitled to qualified immunity.

The plaintiff filed his response to the motion to dismiss (doc. 36) on July 23, 2014. In his response, the plaintiff restates his allegations of the incident itself with more detail and again asserts that Officer Russell failed to conduct security checks. He also reports that "Sgt. Craig"[1] denied his request to "see medical" (*id*. at 2). He also "blame[s] Nurse Ussery because they didn't follow proper procedure and have a rape kit done" (*id*.).

---

[1] Sgt. Craig is not named as a defendant.

The plaintiff argues that his case should not be dismissed because he has a witness and because he has requested but not yet received documents relating to the incident, which he implies would be favorable evidence.

In addition, the plaintiff has submitted the following exhibits with his response: (1) a request to staff member (Form SCDC 19-11) dated February 10, 2014, in which the plaintiff requested treatment for hepatitis C (doc. 36-1 at 1); (2) a request to staff member dated July 1, 2014, relating to mental health treatment (*id*. at 2); (3) a request to staff member dated October 15, 2013, relating to the plaintiff's request to be put back on his medication (*id*. at 3); (4) grievance no. KRCI 0205-14 dated February 18, 2014, concerning the plaintiff's request for treatment of his hepatitis C (doc. 36-2); (5) a statement from inmate James McDonald stating that he "talked to [the plaintiff]" and is "aware of the [r]ape incident that took place in Oak Dorm at Kershaw Correctional Institution" (doc. 36-3); (6) a copy of interrogatories from defendants' counsel to plaintiff (doc. 36-4); and (7) a letter dated July 18, 2014, from plaintiff concerning protective custody and his placement (doc. 36-5).

The defendants filed a reply (doc. 38) on August 4, 2014, contending that the plaintiff's response fails to contradict their argument that the complaint is inadequate. Further, they argue that the exhibits filed with the plaintiff's response should not be considered in a Rule 12(b)(6) analysis, as the sufficiency of the complaint's allegations as to each of them is the determinative issue for the court, and the exhibits do not correct the deficiencies of the complaint identified by the defendants.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Rule 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the

3

defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id*. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and view them in the light most favorable to the non-moving party. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991).

In analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The undersigned agrees with the defendants that the court should exclude the exhibits attached to the plaintiff's response to the motion to dismiss. The documents are not "integral to the complaint," and thus may not be considered without converting the motion to one for summary judgment. *See Kensington Volunteer Fire Dept., Inc. v. Montgomery County, Md.*, 684 F.3d 462, 467 (4th Cir. 2012) ("Courts may also consider any documents attached to the complaint, 'as well as those attached to the motion to

dismiss, so long as they are integral to the complaint and authentic.'") (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

### *Deliberate Indifference*

Prison officials are required to protect prisoners from being attacked by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (suffering physical assaults in prison is not "part of the penalty that criminal offenders pay for their offenses against society") and *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) ("A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position."), *superannuated on other grounds by Farmer*, 511 U.S. at 837.

A prisoner, in a claim of deliberate indifference with respect to an inmate attack, must show that the defendants showed a deliberate or callous indifference to a *specific, known*, substantial risk of serious harm to Plaintiff. *See Sarratt v. Daughtery,* Civil Action 2:06-3422-HFF-RSC, 2007 WL 2406784, at *2 (D.S.C. July 16, 2007) (citing *Farmer*, 511 U.S. at 835), *adopted by* 2007 WL 2406783 (D.S.C. Aug. 20, 2007). A prison official cannot be found liable unless it is shown that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that he or she also drew the inference. *Farmer*, 511 U.S. at 835. A negligent failure to protect a prisoner from violence does not violate the constitution. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (negligence not actionable under Section 1983). Although a district court, when evaluating a pleading, must assume that the allegations in the pleading are true, a district court is not required to accept unwarranted deductions of fact. *Audio Invs. v. Robertson*, 203 F. Supp. 2d 555, 581 (D.S.C. 2002).

In light of the plaintiff's failure to report to Officer Russell or to other persons at KCI his concerns about his safety prior to the rape, there is no evidence that Officer

5

Russell was aware of facts from which the inference could be drawn that a substantial risk of serious harm to the plaintiff existed, as required by *Farmer*, 511 U.S. at 835. Hence, taking the plaintiff's allegations as true, he fails to satisfy the subjective component of the inquiry under *Farmer*. Moreover, the allegation that Officer Russell was sleeping while the rape took place and failed to make his rounds, at best, shows negligence, which is not actionable under 42 U.S.C. § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); and *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987).

Based upon the foregoing, the plaintiff has failed to state an Eighth Amendment claim against Officer Russell.

***Nurse Ussery***

There are no allegations that Nurse Ussery was personally involved in the treatment of the plaintiff after the alleged rape. Hence, liability cannot be attributed to her. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). She also cannot be held responsible for the actions of other medical personnel involved in the plaintiff's treatment. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and, (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791,

799 (4th Cir.). The plaintiff here has not made such allegations of supervisory liability against Nurse Ussery. Based upon the foregoing, the plaintiff has failed to state a claim of deliberate indifference to serious medical needs against Nurse Ussery.

***Qualified Immunity***

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id*.

To determine whether qualified immunity applies, a district court must determine a plaintiff has alleged the deprivation of an actual constitutional right at all and whether the particular right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1865 (2014) (*per curiam*); and *Wilson v. Layne*, 526 U.S. 603, 609 (1999). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, as discussed above, the plaintiff's allegations fail to demonstrate that Officer Russell or Nurse Ussery violated his constitutional rights. Therefore, the undersigned finds defendants Russell and Ussery are entitled to qualified immunity. *See Carroll v. Carman*, No. 14-212, 2014 WL 5798628, at *2–4 (U.S. Nov. 10, 2014); *Tolan*, 134 S.Ct. at 1865.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this undersigned recommends that the motion to dismiss filed by defendants Russell and Ussery (doc. 30) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

November 19, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).