IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Samuel Shorter, III, #341294, | ) | |
| | ) | Civil Action No. 6:14-1843-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Officer Russell, C/O, and | ) | |
| Michelle Ussery, Medical, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Defendants' motion to dismiss (ECF No. 30) be granted. (ECF No. 46). Plaintiff was advised of his right to file objections to the Report (ECF No. 46 at 9), and he filed timely objections. (ECF No. 48).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff's objections mostly fail to address any specific, dispositive portion of the Report. The objections are non-specific, unrelated to the dispositive portions of the Report or merely

restate Plaintiff's claims. Plaintiff states that he informed two other officers—not named in his lawsuit—that he and another inmate were having problems, but they did not write the information in the log book. (ECF No. 48). Because the officer did not write it down in the log book, according to Plaintiff, "Officer Russell wasn't informed that me and [the other inmate] were having problems." (ECF No. 48). Under § 1983, a defendant generally can only be liable for his own actions or inactions. *See Aschroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("Each Government official . . . is only liable for his or her own misconduct."). Therefore, because Officer Russell did not have knowledge of the problems, he did not act with deliberate indifference towards Plaintiff. *See Miller v. Beorn*, 896 F.2d 848, 851-52 (4th Cir. 1990) ("A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position."), *superannuated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 46) and incorporates it herein. It is therefore **ORDERED** that Defendants' motion to dismiss (ECF No. 30) is **GRANTED**.

**IT IS SO ORDERED.**

                                                       s/Timothy M. Cain
                                                       United States District Judge

December 5, 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.